# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH KAMARA, A-072-369-234 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. ELH-13-1490 |
| JACK KAVANAUGH[1] | * | |
| Respondent. | | |

*****

MEMORANDUM

On May 16, 2013, Kenneth Kamara filed this petition under 28 U.S.C. § 2241, claiming that he has been held in ICE custody beyond the expiration of the presumptive six-month removal period. ECF No. 1. The court construed his challenge as invoking the due process dictates of *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)[2] and directed his custodian to respond.[3] ECF No. 2. On July 17, 2013, respondent filed an answer seeking dismissal of the case as prematurely filed or, alternatively, based on the legality of petitioner's continued detention, ECF No. 7, to which Kamara has filed a reply. ECF No. 9.

---

[1] The Clerk shall amend the docket to reflect that Jack Kavanaugh, Director of the Howard County Detention Center, is the proper respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (in core challenges to physical confinement, the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official).

[2] In *Zadvydas*, the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 700.

[3] Kamara has failed to provide the required filing fee or an indigency motion and affidavit in compliance with the court's Order of May 23, 2013. ECF No. 2. He is directed to do so within fourteen days of the date of this Memorandum.

I.      Procedural and Factual Background

Kenneth Kamara, a native and citizen of Liberia, was admitted into the United States as a non-immigrant visitor on September 14, 1991, and was granted asylum as a derivative on July 24, 1995. ECF No. 7, Exs. A and B. On February 10, 2002, Kamara was convicted by a jury sitting in the Circuit Court for Montgomery County, Maryland, for violating a restriction on possession of a regulated firearm and wearing, carrying or transporting a handgun.[4] *Id.,* Ex. C. United States Immigration and Customs Enforcement ("ICE") personnel arrested Kamara on September 10, 2012, charged him with removability pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("Act") as an alien convicted of an aggravated felony as defined by § 101(a)(43)(E) of the Act, and issued him a Notice to Appear before the Immigration Court. *Id.,* Ex. A.

On November 27, 2012, an Immigration Judge sustained the factual allegations and the charge of removal and ordered Kamara removed from the United States. ECF No. 7, Ex. D. Kamara waived his right to appeal and his removal order became administratively final on November 27, 2012. *Id.*

The removal order was issued too late for Kamara to be placed on a list of subjects interviewed in November 2012 by Embassy of Liberia staff. *Id.,* Ex. E, p. 2, Declaration of Deportation Officer Gregory Styles. Kamara's interview was scheduled for the next available interview date, and he was one of 43 individuals interviewed on March 28 and 29, 2013. *Id.* As a result of information obtained during the interview, Liberian First Secretary Christopher Nippy has determined that Kamara is a citizen of Liberia. This information has been forwarded to the

---

[4]Kamara was sentenced to five years incarceration. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=111473C&loc=68&detailLoc=MCCR. This was not Kamara's first conviction in the Maryland courts. http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

2

Ambassador and from there forwarded to the government of Liberia in Monrovia for adjudication of the appropriate travel documents. *Id.*

II. Statutory and Legal Framework

Under the Immigration and Nationality Act, when an alien is ordered removed, the Department of Homeland Security ("DHS") "shall remove the alien from the United States within a period of 90 days." 18 U.S.C. § 1231(a)(1)(A). During this 90-day removal period, DHS is required to detain the alien. *See* 8 U.S.C. § 1231(a)(2). Certain aliens, including those who commit aggravated felonies, may be detained beyond this removal period. *See* 8 U.S.C. §1231(a)(6). The 90-day period begins on the latest of: (i) the date the removal order becomes administratively final; (ii) if the order is judicially reviewed and the court issues a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. *See* 8 U.S.C. § 1231(a)(1)(B).

Although the statute gives DHS the discretion to continue detaining an alien who is subject to removal, the detention is subject to the limits of the Due Process Clause of the Fifth Amendment. In *Zadvydas,* 533 U.S. at 690-92, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6), the provision that allows for detention beyond the 90-day removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The Court held that it is presumptively reasonable for the Government to detain an alien for six months. *See id.* at 701. Beyond six months, if removal is no longer reasonably foreseeable, the statute does not authorize continued detention. *See id.* at 699. The Court made clear that after the expiration of the presumptively reasonable six-month detention period, the alien, not the government, bears the burden to make this showing.

*See id.* at 701. If the alien carries this burden, the government then must provide evidence sufficient to rebut this showing by establishing that there is a significant likelihood of removal in the reasonably foreseeable future. If successful, the government may continue to detain the petitioner. *See id.* at 700-01. If the Government response fails, the petitioner may be entitled to release from detention. *Id.*; s*ee also Clark v. Martinez*, 543 U.S. 371 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

III. Analysis

Kamara's 90-day removal period began on November 27, 2012, when the Immigration Judge entered a removal order against Kamara and he waived appeal. It ended on February 27, 2013. Based on Kamara's conviction for an aggravated felony, Kamara was subject to detention beyond the 90-day removal period. *See* 8 U.S.C. §§ 1227(a)(2), 1231(a)(6). The six-month presumptively reasonable period for continued detention under *Zadvydas* expired on May 27, 2013.

Respondent contends that Kamara's petition, filed on May 16, 2013, should be dismissed as premature, citing A*kinwale v. Ashcroft,* 287 F.3d 1050, 1052 (11th Cir. 2002), and *Kannah v. Cavanaugh,* 2013 WL 831621, *2 (D. Md. 2013). Although courts are consistent in dismissing claims made prior to the expiration of the six-month presumptively reasonable period, *see Ali v. Barlow,* 446 F.Supp. 2d 604, 609-10 (E.D. Va. 2006) (citing cases), such deadlines are not always apparent where the moving party is self-represented and fails to provide documentation to verify timelines. The Clerk received Kamara's petition nine days before expiration of the six-month period, and a court-ordered response was required of respondent with a mere two days left to the *Zadvydas* deadline. Dismissal of the petition as premature is unwarranted in this case.

4

It is undisputed that the six-month presumptive period expired on May 27, 2013, and Kamara remains in detention awaiting travel documents from his native country. Unless respondent can show Kamara likely will be removed from the United States in the reasonably foreseeable future, his continued detention is no longer authorized by statute and Kamara may be entitled to release from detention. *See Zadvydas,* 533 U.S. at 699-700.

Respondent has demonstrated that the Liberian government has determined that Kamara is a Liberian citizen, and that during an interview conducted by Liberian officials he provided information from which the Liberian government may adjudicate appropriate travel documents. Respondent's declaration states that the Liberian government typically takes six months to complete its review and issue travel documents. That six-month period would expire around September 30, 2013. Kamara has failed to establish that there is no significant likelihood that he will be removed in the reasonably foreseeable future. Should his detention continue beyond the six months typically needed for the Liberian government to issue travel documents, however, a different result may ensue. The court shall hold Kamara's petition in abeyance pending a supplemental response from the government, due on or before September 30, 2013, indicating the status of the necessary travel documents and detailing any additional steps taken to remove Kamara or provide for his release pending his return to Liberia.

A separate Order follows.

/s/
Ellen Lipton Hollander
United States District Judge